**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LORENZO GREGGE, Jr., | No. 10-16239 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02561-GEB-CMK |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted July 12, 2011[**]

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

California state prisoner Lorenzo Gregge, Jr., appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his health and safety.  We have jurisdiction under 28 U.S.C. § 1291.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo the district court's dismissal under 28 U.S.C. § 1915A for failure to state a claim, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We reverse and remand.

Gregge's complaint, liberally construed, did not seek to allege a respondeat superior theory of liability. Rather, Gregge alleged that defendants implemented a policy that resulted in the denial of his constitutional rights. *See Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) ("Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." (citations and internal quotation marks omitted)). Therefore, dismissal under 28 U.S.C. § 1915A was premature, and we reverse and remand for further proceedings.

Gregge shall bear his own costs on appeal.

**REVERSED and REMANDED.**